FILED

2013 JUN 27  AM 10: 51

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiff
UBISOFT ENTERTAINMENT, S.A. and
UBISOFT, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

UBISOFT ENTERTAINMENT, S.A.,
a French corporation and UBISOFT,
INC., a California Corporation

　　　　　Plaintiffs,

v.

WELL GO USA, INC., a Texas
corporation, and DOES 1-10,

　　　　　Defendants.

Case No. CV13-04668-MWF (CWx)

**COMPLAINT FOR:**

(1) **Violation of Section 43(a) of the Lanham Act**

(2) **Violation of California Business & Professions Code §§ 17200 et seq.**

(3) **Common Law Unfair Competition**

[Jury Trial Demanded]

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Plaintiffs Ubisoft Entertainment, S.A. and Ubisoft, Inc. hereby allege as follows:

**Jurisdiction and Venue**

1. This action arises under the Lanham Act, 15 U.S.C. §1114 and §1125. The Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331 and 1338. The Court has supplemental jurisdiction over plaintiffs' state law claims under 28 U.S.C. §1367(a).

2. This Court has personal jurisdiction over each of the defendants named in this complaint because each defendant does sufficient business in California and this judicial district, has sufficient minimum contacts with California in this judicial district, or otherwise intentionally makes its products available in California and Los Angeles, so as to render jurisdiction over them by this Court consistent with traditional notions of fair play and substantial justice.

3. Venue in this judicial district is proper under 28 U.S.C. §§1391(b) and (c), and 1400(a), in that a substantial part of the events giving rise to plaintiffs' claims occurred in this judicial district. The product at issue is available for sale and has been sold in this district and one or more defendants resides and may be found in this judicial district within the meaning of 28 U.S.C. §1391(c).

**The Parties**

4. Plaintiff Ubisoft Entertainment, S.A. is a French corporation organized and existing under the laws of France, with its principal place of business located in Montreuil, France. It is one of the world's largest developers and publishers of video games.

5. Plaintiff Ubisoft, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business located in San Francisco, California. Ubisoft, Inc. is a wholly-owned United States subsidiary of

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Ubisoft Entertainment, S.A. Ubisoft Entertainment, S.A. and Ubisoft, Inc. shall be referred to collectively in this Complaint as "Ubisoft."

6. Ubisoft is informed and believes, and based thereon alleges, that defendant Well Go Entertainment USA, Inc. ("Well Go") is a corporation organized and existing under the laws of the state of Texas. Ubisoft is further informed and believes, and based thereon alleges, that Well Go regularly markets, promotes and sells its products in interstate commerce, including in California, and otherwise conducts business in California and in this Judicial District.

7. Ubisoft is unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by fictitious names. Ubisoft will seek leave of the Court to amend this Complaint to allege their true names and capacities when ascertained. Ubisoft is informed and believes, and based thereon alleges, that each fictitiously named defendant is responsible in some way for the production, distribution and/or exploitation of the infringing product at issue in this Complaint, and is liable to Ubisoft therefor. Well Go and Does 1 through 10 are sometimes referred to collectively herein as "Defendants."

8. Ubisoft is informed and believes, and based thereon alleges, that at all times relevant herein, each of the defendants was the agent, co-conspirator, or employee of each other defendant, and at all times relevant herein was acting in whole or at least in part within the scope of such agency, employment or conspiracy. As such, each and every defendant herein is equally responsible in whole or in part for each and every act alleged herein.

## Allegations Common to All Claims for Relief

### The Assassin's Creed Trade Dress

9. Ubisoft is the developer and publisher of "Assassin's Creed," an action-adventure video game series that has become one of the most commercially

successful and critically acclaimed video game franchises in history.  Since the first game in the series was released in 2007, Ubisoft has developed and released four additional Assassin's Creed videogames – "Assassin's Creed II" in 2009, "Assassin's Creed: Brotherhood" in 2010, "Assassin's Creed: Revelations" in 2011, and "Assassin's Creed III" in 2012 (collectively, the "Assassin's Creed Games"). Collectively, the Assassin's Creed Games have sold more than 57 million copies worldwide.

10. As a result of the popularity of the Assassin's Creed Games, Ubisoft has expanded the franchise to other media, including novels, comic books, and films.  To date, Ubisoft has released three short films based on the Assassin's Creed Games, including "Assassin's Creed: Lineage," "Assassin's Creed: Ascendance," and "Assassin's Creed: Embers."  In addition, Ubisoft is currently in development on a major theatrical motion picture based on the Assassin's Creed Games.

11. Ubisoft has used its Assassin's Creed trademark to identify its series of games and other products since 2007, and has acquired broad common law rights in this trademark.  In addition, Ubisoft owns several federally registered trademarks for Assassin's Creed in connection with video games and books, and has applied for registrations in a number of other product categories, including consumer products, novelty food and confection items, and pre-recorded DVDs featuring live action entertainment.  Ubisoft's federally registered and common law trademarks in Assassin's Creed will be collectively referred to in this complaint as the "Assassin's Creed Mark."

12. The Assassin's Creed Games and the various other products under the Assassin's Creed Mark will be referred to in this complaint as the "Assassin's Creed Products."

13. Since the inception of the franchise, the "key art" used in connection with Ubisoft's Assassin's Creed Products has featured a consistent and distinctive logo design.  This logo design, which has been used in virtually all of the packaging

1 and marketing materials for the Assassin's Creed Products, consists of the
2 Assassin's Creed Mark: (a) in a Trajan style font; (b) in all capital letters; (c) with
3 the first and last letters of the word "ASSASSIN'S" larger than, and extending below,
4 the remaining letters; and (d) with the other words in the title appearing in smaller
5 letters in the same font, centered either directly above or below the word
6 "ASSASSIN'S."

14. This unique and non-functional combination of design features will be referred to in this complaint as the "Assassin's Creed Trade Dress." The Assassin's Creed Trade Dress is inherently distinctive and serves to readily distinguish Ubisoft's Assassin's Creed Products from those of its competitors.

15. An example of the Assassins' Creed Trade Dress, as shown on the key art for the first of Ubisoft's Assassin's Creed Games, appears below:



86471-00001/1921014.5    4    COMPLAINT

16. Each of the other video games in the series of Assassin's Creed Games has consistently featured the Assassin's Creed Trade Dress, as have the other Assassin's Creed Products.

17. The Assassin's Creed Trade Dress has achieved widespread consumer recognition. Since 2007, sales of the Assassin's Creed Products featuring the Assassin's Creed Trade Dress have amounted to over two billion dollars worldwide.

18. Ubisoft has spent hundreds of millions of dollars to market and promote the Assassin's Creed Products using the Assassin's Creed Trade Dress since 2007.

19. The Assassin's Creed Products have also received substantial media coverage in both the mainstream media and in the gaming press. Press coverage of the Assassin's Creed Products has routinely featured depictions of the Assassin's Creed Trade Dress.

20. As a result of Ubisoft's consistent and deliberate use of the Assassin's Creed Trade Dress, the widespread recognition achieved by the Trade Dress by consumers, Ubisoft's significant expenditures of money promoting the trade dress, and the enormous sales of the Assassin's Creed Products, consumers have come to exclusively associate the Assassin's Creed Trade Dress with Ubisoft and the Assassin's Creed Products. Therefore, the Assassin's Creed Trade Dress has acquired secondary meaning among consumers as a source of consistent, high quality products.

**Well Go's Infringement of the Assassin's Creed Trade Dress**

21. Ubisoft is informed and believes, and based thereon alleges, that Well Go is a theatrical and home entertainment distribution company that specializes in acquiring entertainment content from Asia and packaging, marketing and distributing this content to consumers in North America. Ubisoft is further

1 informed and believes, and based thereon alleges, that Well Go regularly releases
2 five to ten motion picture titles per month on home video (DVD, Blu-ray, and
3 video-on-demand).

4       22. Ubisoft is informed and believes, and based thereon alleges, that in or
5 about January 2013, Well Go began to market and distribute a 2012 Chinese motion
6 picture with English-language subtitles entitled "The Assassins," starring Chow
7 Yun-Fat.

8       23. Ubisoft is informed and believes, and based thereon alleges, that "The
9 Assassins" was originally released in China under the title "Bronze Sparrow
10 Terrace," but that Well Go changed the name of the film for North American
11 audiences.

12       24. Ubisoft is informed and believes, and based thereon alleges, that Well
13 Go's target audience for "The Assassins" is 18-35 year olds , which is the same
14 primary demographic targeted by Ubisoft with its Assassin's Creed Products.

15       25. Ubisoft is informed and believes, and based thereon alleges, that Well
16 Go created key art in connection with its North American marketing and sale of
17 "The Assassins," which it has used in advertising and product packaging. Ubisoft
18 is further informed and believes, and based thereon alleges, that Well Go named its
19 film "The Assassins" and designed its key art to be strikingly and confusingly
20 similar to the Assassin's Creed Trade Dress, so that the film would be readily
21 noticed and purchased by its target audience.

22       26. The key art for "The Assassins" shall be referred to in this complaint
23 as the "Infringing Product Design." The Infringing Product Design features the
24 same combination of design elements that make up the Assassin's Creed Trade
25 Dress. Like the Assassin's Creed Trade Dress, the title treatment in the Infringing
26 Product Design appears: (a) in a Trajan style font; (b) in all capital letters; (c) with
27 the first and last letters of the word "ASSASSINS" larger than, and extending below,
28

the remaining letters; and (d) with the other word in the title (i.e., "the") appearing in smaller letters in the same font, centered directly above the word "ASSASSINS."

27. A depiction of the Infringing Product Design Appears below:



28. The similarities between the Infringing Product Design and the Assassin's Creed Trade Dress demonstrate a deliberate attempt by Well Go to usurp the brand recognition, goodwill and credibility associated with the Assassin's Creed Trade Dress and to confuse the unsuspecting customer.

29. Unless restrained and enjoined, the Infringing Product Design will not only continue to confuse and mislead customers of existing Assassin's Creed

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Products, but will impair Ubisoft's ability to market and promote its Assassin's Creed theatrical film in a distinctive manner using the Assassin's Creed Trade Dress.

## FIRST CLAIM FOR RELIEF

## Violation of Section 43(a) of the Lanham Act

### (Against All Defendants)

30. Ubisoft repeats and realleges the allegations contained in paragraphs 1 through 29 above, as though they were fully set forth herein.

31. By intentionally appropriating the Assassin's Creed Trade Dress, Defendants have created a likelihood of confusion, deception and mistake in the marketplace and in the minds of the public that Ubisoft and/or the Assassin's Creed Products are associated or affiliated in some manner with "The Assassins" or with Defendants, or that Ubisoft is somehow approving of, sponsoring or endorsing Defendants' product. This conduct violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. As a direct and proximate result of Defendants' wrongful conduct, Ubisoft has suffered and will continue to suffer damages in an amount that is presently unknown but which will be determined according to proof at trial.

33. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Ubisoft in the Assassin's Creed Trade Dress which cannot be adequately compensated by money. Defendants' conduct, if not enjoined, will also impair Ubisoft's marketing of a theatrical motion picture based on Assassin's Creed. Ubisoft has no adequate remedy at law. Ubisoft is therefore entitled to preliminary and permanent injunctive relief preventing Defendants from continuing to exploit the Infringing Product Design or any confusingly similar design, pursuant to 15 U.S.C. § 1116.

34. Defendants did not engage in the foregoing conduct out of any sincere or proper motive, but did so knowingly, willfully and oppressively, intending to appropriate Ubisoft's rights in the Assassin's Creed Trade Dress to the detriment of Ubisoft and to the confusion of the public. Defendants' intentional use of the Infringing Product Design makes this an exceptional case within the meaning of 15 U.S.C. § 1117, entitling Ubisoft to an award of three times its actual damages and recovery of its attorneys' fees in this action.

## SECOND CLAIM FOR RELIEF
## Violation of California Business & Professions Code §§ 17200 et seq.
### (Against All Defendants)

35. Ubisoft repeats and realleges the allegations contained in paragraphs 1 through 34 above, as though they were fully set forth herein.

36. The foregoing acts and conduct of Defendants in deliberately appropriating the Assassin's Creed Trade Dress and falsely suggesting that Ubisoft and/or the Assassin's Creed Products are associated or affiliated in some manner with "The Assassins" or with Defendants, or that Ubisoft is somehow approving of, sponsoring or endorsing Defendants' product, constitutes unlawful, unfair and/or fraudulent business acts or practices in violation of California Business and Professions Code sections 17200 et seq.

37. As a direct and proximate result of Defendants' acts of unfair competition, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully derive, income and profits to which they are not entitled.

38. By reason of the foregoing acts of unfair competition, Ubisoft is entitled to restitution from Defendants of all income, profits and other benefits resulting from Defendants' unfair competition, in an amount to be determined according to proof at trial.

39. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Ubisoft in the Assassin's Creed Trade Dress which cannot be adequately compensated by money. Defendants' conduct, if not enjoined, will also impair Ubisoft's marketing of a theatrical motion picture based on Assassin's Creed. Ubisoft has no adequate remedy at law. Ubisoft is therefore entitled to preliminary and permanent injunctive relief preventing Defendants from continuing to exploit the Infringing Product Design or any confusingly similar design

## THIRD CLAIM FOR RELIEF
## Common Law Unfair Competition
### (Against All Defendants)

40. Ubisoft repeats and realleges the allegations contained in paragraphs 1 through 34 above, as though they were fully set forth herein.

41. Ubisoft has invested substantial resources in developing and promoting the Assassin's Creed Trade Dress, which Defendants have appropriated at no expense.

42. Defendants have used Ubisoft's Assassin's Creed Trade Dress without Ubisoft's authorization or consent, to falsely suggest that Ubisoft and/or the Assassin's Creed Products are associated or affiliated in some manner with "The Assassins" or with Defendants, or that Ubisoft is somehow approving of, sponsoring or endorsing Defendants' product. This conduct constitutes an appropriation for commercial gain without consent under the common law.

43. As a direct and proximate result of Defendants' acts of unfair competition, Ubisoft has and will continue to lose income and profits, and has and will continue to suffer damages in an amount that is presently unknown, but which will be determined according to proof at trial.

44.     Defendants have engaged in the foregoing conduct knowingly, willfully and with an intent to injure Ubisoft. Defendants' conduct has been carried on with a conscious disregard of Ubisoft's rights. As a result, Ubisoft is entitled to exemplary and punitive damages in an amount sufficient to punish and deter Defendants.

45.     Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Ubisoft in the Assassin's Creed Trade Dress which cannot be adequately compensated by money. Defendants' conduct, if not enjoined, will also impair Ubisoft's marketing of a theatrical motion picture based on Assassin's Creed. Ubisoft has no adequate remedy at law. Ubisoft is therefore entitled to preliminary and permanent injunctive relief preventing Defendants from continuing to exploit the Infringing Product Design or any confusingly similar design.

## **PRAYER FOR RELIEF**

WHEREFORE, Ubisoft seeks judgment against Defendants, and each of them, as follows:

1.     On the First Claim for Relief, for violation of section 43(a) of the Lanham Act, the amount of Defendants' wrongful profits and three times all actual damages suffered by Ubisoft by reason of Defendants' conduct in violation of the Lanham Act, plus Ubisoft's attorneys' fees;

2.     On the Second Claim for Relief, for violation of California Business & Professions Code §§ 17200 et seq., for restitution in an amount to be proven at trial, but in no event less than the sum of all gains, profits and advantages derived by Defendants as a result of their unfair business activities;

3.     On the Third Claim for Relief, for common law unfair competition, for damages in an amount to be proven at trial, plus punitive damages;

4.     On All Claims for Relief:

a. For preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, servants, employees, partners, subsidiaries, and affiliates, and all persons acting in concert with any one or more of them, or on any of their respective behalves, from using Ubisoft's Assassin's Creed Trade Dress, including any confusingly similar variations thereof;

b. For Ubisoft's costs of suit herein; and

c. For such other and further relief in Ubisoft's favor as the Court may deem just and proper.

DATED: June 27, 2013

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
AARON J. MOSS (SBN 190625)
Attorneys for Plaintiffs UBISOFT
ENTERTAINMENT, S.A. and
UBISOFT, INC.

## **DEMAND FOR JURY TRIAL**

Plaintiff Ubisoft Entertainment, S.A. hereby demands a trial by jury in the above entitled action.

DATED: June 27, 2013

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
AARON J. MOSS (SBN 190625)
Attorneys for Plaintiffs UBISOFT
ENTERTAINMENT, S.A. and
UBISOFT, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

**CV13- 4668 MWF (CWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Stephen S. Smith (SBN 166539)
Aaron J. Moss (SBN 190625)
Greenberg Glusker Fields Claman & Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067
Telephone: 310-553-3610
Fax: 310-553-0687
Email: AMoss@GreenbergGlusker.com
Attorneys for Plaintiff Ubisoft Entertainment, S.A. and Ubisoft, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBISOFT ENTERTAINMENT, S.A., a French corporation and UBISOFT, INC., a California corporation<br><br>PLAINTIFF(S)<br>v.<br><br>WELL GO USA, INC., a Texas corporation, and DOES 1-10<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV13-04668-MWF(CWx)**<br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Stephen S. Smith and Aaron J. Moss</u>, whose address is <u>1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: **JUN 27 2013**

Clerk, U.S. District Court

By: MARILYN DAVIS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
UBISOFT ENTERTAINMENT, S.A., a French Corporation and UBISOFT, INC., a California corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
WELL GO USA, INC., a Texas corporation, and DOES 1-10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Aaron J. Moss (SBN 166539)
Greenberg Glusker Fields Claman & Machtinger LLP
1900 Avenue of the Stars, 21ST Floor
Los Angeles, CA 90067
Telephone: 310-553-3610; Facsimile: 310-553-0687

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(1) Violation of Section 43(a) of the Lanham Act; (2) Violation of California Business & Professions Code §§ 17200 et seq.; (3) Common Law Unfair Competition

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-04668**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                                      CIVIL COVER SHEET                                      Page 1 of 2
86471-00055/1949704.1

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | UBISOFT ENTERTAINMENT, S.A. - France<br>UBISOFT, INC. -- San Francisco, CA |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Well Go USA, Inc. - Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _/s/ Aaron J. Moss_  DATE: June 27, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |